NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JAMES R. MCDANIEL,<br><br>          Defendant. | No. 18-839-SJO<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE: February 12, 2019**<br>**PROPOSED TRIAL DATE: August 6, 2019** |
|---|---|

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ruth C. Pinkel, and defendant James R. McDaniel ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Seema Ahmad, hereby stipulate as follows:

     1.   The Indictment in this case was filed on December 4, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 18, 2018.

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 26, 2019.

    2.   On December 18, 2018, the Court set a trial date of February 12, 2019.

    3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 2-3 days.

    4.   By this stipulation, defendant moves to continue the trial date to August 6, 2019. This is the first request for a continuance.

    5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with violations of 26 U.S.C. § 7201: Tax Evasion. The government has produced discovery to the defense, including over 540 pages of tax returns, tax information, bank records, and witness interview reports. The government expects to produce additional discovery in the coming weeks including records from an IRS civil audit file and additional bank records.

        b.   Defense counsel is presently scheduled to be in trial on the following dates in the following cases: (1) 02/19/19 - <u>U.S. v. Garza</u>, CR 18-478-ODW, 2 defendants, 3 day trial in a distribution of meth and aiding and abetting case; (2) 02/26/19 - <u>U.S. v. Cutting</u>, CR 16-198-GW, 1 defendant; 3 day trial in case of aiding and assisting in preparation of false tax returns; (3) 03/05/19 - <u>U.S. v. Thomas</u>, CR 18-838-ODW, 1 defendant; 2 day bank fraud and theft of mail by postal service employee trial;(4) 03/19/19 - <u>U.S. v. Amaya</u>, CR 18-678-FMO, 1 defendant; 2 day trial of alien in possession of firearms and ammunition; (5) 3/19/19 - <u>U.S. v. Candia</u>, CR 18-781-ODW, 1 defendant; 2 day trial for possession with intent to distribute

methamphetamine; (6) 3/19/19 - U.S. v. Muhammad, CR 18-348-JAK, 1 defendant; 3 day trial for possession with intent to distribute controlled substances; (7) 3/26/19 - U.S. v. Mays, CR 18-814-DMG, 1 defendant; 2 day trial for possession with intent to distribute meth and fentanyl; (8) 4/9/19 - U.S. v. Marquez, CR 18-564-DSF, 1 defendant; 2 day trial for abusive sexual contact and application of certain criminal laws of acts on aircraft; (9) 4/16/19 - U.S. v. Vidal, CR 18-593-SJO, 1 defendant; 2 day trial for possession of unregistered firearms and not identified by serial number and possession of ammunition; (10) 4/30/19 – U.S. v. Andrade, CR 18-123-A, 1 defendant; 3 day trial for possession with intent to distribute fentanyl; (11) 5/07/19 - U.S. v. Natale, CR 18-611-FMO, 1 defendant; 2 day trial for distribution and possession of child pornography. Accordingly, counsel represents that she will not have the time that he/she believes is necessary to prepare to try this case on the current trial date.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.    The government does not object to the continuance.

      f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 12, 2019 to August 6, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Under the Speedy Trial Act, if the trial is continued to August 6, 2019, the last possible day for trial to commence would be August 20, 2019.

8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: ~~January~~ February 5, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
RUTH C. PINKEL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am James R. McDaniel's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 6, 2019 is an informed and voluntary one.

_____     2/5/19
SEEMA AHMAD                         Date
Attorney for Defendant
JAMES R. MCDANIEL

5

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 6, 2019.

_____    February 5 2019
JAMES R. MCDANIEL                 DATE
Defendant