NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JAMES R. MCDANIEL,<br><br>          Defendant. | No. CR 18-839-SJO<br><br>PLEA AGREEMENT FOR DEFENDANT JAMES R. MCDANIEL |

1.  This constitutes the plea agreement between JAMES R. MCDANIEL ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

    a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the indictment in United States v. James McDaniel, CR No. 18-839-SJO,

1  which charges defendant with Tax Evasion, in violation of 26 U.S.C.
2  § 7201.
3          b.   Not contest facts agreed to in this agreement.
4          c.   Abide by all agreements regarding sentencing contained
5  in this agreement.
6          d.   Appear for all court appearances, surrender as ordered
7  for service of sentence, obey all conditions of any bond, and obey
8  any other ongoing court order in this matter.
9          e.   Not commit any crime; however, offenses that would be
10 excluded for sentencing purposes under United States Sentencing
11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
12 within the scope of this agreement.
13         f.   Be truthful at all times with the United States
14 Probation and Pretrial Services Office and the Court.
15         g.   Pay the applicable special assessment at or before the
16 time of sentencing unless defendant lacks the ability to pay and
17 prior to sentencing submits a completed financial statement on a form
18 to be provided by the USAO.
19    3.   Defendant admits that defendant received $150,000 of
20 taxable income for 2012, $114,012 of taxable income for 2013, $75,514
21 of taxable income for 2014, $61,494 of taxable income for 2015,
22 $61,028 of taxable income for 2016, and $65,896 of taxable income for
23 2017.  Defendant agrees that:
24         a.   Defendant will file, prior to the time of sentencing,
25 initial returns for the years subject to the above admissions,
26 correctly reporting unreported income, or, at the request of the IRS,
27 sign closing agreements correctly reporting unreported income for the
28 years subject to the above admissions; will, if requested to do so by

2

the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; will pay, if financially able, at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).

        b. Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

        c. Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

        d. Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6651(f), on the understatements of tax liability for 2012 to 2017.

        e. Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

        f. Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the following sums for the following tax years: $1.4 million (2008 to 2012), $45,725 (2012), $42,873 (2013), $27,762 (2014),

$22,078 (2015), $21,880 (2016) and $23,808 (2017), which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Tax Evasion, in violation of Title 26, United States Code, Section 7201, the following must be true: (a) defendant owed more federal income tax for the specified calendar year than was declared due on the defendant's income tax return for that calendar year; (b) defendant knew that more federal

income tax was owed than was declared due on defendant's income tax return; (c) defendant made an affirmative attempt to evade or defeat such additional tax; and (d) in attempting to evade or defeat such additional tax, defendant acted willfully.

## PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7201, and therefore, the total maximum sentence for the single count to which defendant is pleading guilty, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct, including unreported income for 2013 to 2017; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

1  result in defendant serving a total term of imprisonment greater than
2  the statutory maximum stated above.
3      9.   Defendant understands that, by pleading guilty, defendant
4  may be giving up valuable government benefits and valuable civic
5  rights, such as the right to vote, the right to possess a firearm,
6  the right to hold office, and the right to serve on a jury.
7  Defendant understands that once the court accepts defendant's guilty
8  plea, it will be a federal felony for defendant to possess a firearm
9  or ammunition.  Defendant understands that the conviction in this
10 case may also subject defendant to various other collateral
11 consequences, including but not limited to revocation of probation,
12 parole, or supervised release in another case and suspension or
13 revocation of a professional license.  Defendant understands that
14 unanticipated collateral consequences will not serve as grounds to
15 withdraw defendant's guilty plea.
16     10.  Defendant understands that, if defendant is not a United
17 States citizen, the felony conviction in this case may subject
18 defendant to: removal, also known as deportation, which may, under
19 some circumstances, be mandatory; denial of citizenship; and denial
20 of admission to the United States in the future.  The court cannot,
21 and defendant's attorney also may not be able to, advise defendant
22 fully regarding the immigration consequences of the felony conviction
23 in this case.  Defendant understands that unexpected immigration
24 consequences will not serve as grounds to withdraw defendant's guilty
25 plea.

## FACTUAL BASIS

27     11.  Defendant admits that defendant is, in fact, guilty of the
28 offense to which defendant is agreeing to plead guilty.  Defendant

6

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was a member of the State Bar of California from 1981 to 2004 who primarily practiced in the area of tax law and estate planning. Defendant resigned from the California Bar in 2004 with charges pending against him and knowing that he was in the process of finalizing a plea agreement with the federal government to the charge described below.

On December 20, 2004, defendant pled guilty to one count of subscribing to a false tax return in violation of 26 U.S.C. § 7206(1) in <u>United States v. James McDaniel</u>, CR 04-01670-SJO, for his failure to report additional income on his personal tax returns for tax years 1997, 1998, 1999, 2000 and 2001. In his written plea agreement, defendant admitted "that his failure to report income resulted in a tax loss or due of $677,368.80 and that the government is able to establish federal income tax losses, exclusive of interest and penalties, in the amount of $677,368.80." Moreover, defendant's additional income was in reality the result of his embezzlement of over $1.6 million from two prominent families he represented as an attorney.

From 2005 through 2012, the Internal Revenue Service ("IRS") assessed defendant over $1.4 million in taxes, interest, and penalties for tax years 1997 to 2001 (the "assessments").

Defendant was in both federal and state custody between 2005 and 2008. He was released from state custody in March 2008 and started working as a tax and estate-planning consultant at Law Firm A.

From in or about May 2008 through on or about late 2018, in Los Angeles County, defendant willfully attempted to evade and defeat the payment of the assessments due and owing by him to the United States of America, for the calendar years 1997, 1999, 2000, and 2001, by using his then-girlfriend, and his adult children, to commit the following affirmative acts concealing his income, among others:

(a) Requesting that Individual 1 create Davis Bell Consulting, LLC;

(b) Assisting Individual 1 to file tax returns reporting as Individual 1's income from Davis Bell Consulting LLC funds that, in truth and in fact, were earned by defendant in his job at Law Firm A;

(c) Directing Individual 2 to sign documents identifying Individual 2 as the sole managing member of James Roy Consulting, LLC;

(d) Directing Individual 2 and Individual 3 to open bank accounts for Davis Bell Consulting, LLC and James Roy Consulting, LLC, respectively;

(e) Directing payments defendant received for his tax and estate planning consulting work at Law Firm A during 2008, 2009, 2010, 2011, and 2012 to be made payable to Davis Bell Consulting, LLC and James Roy Consulting, LLC; and

(f) Depositing checks for defendant's tax and estate planning consulting work into bank accounts in the names of Davis Bell Consulting, LLC and James Roy Consulting, LLC.

Defendant did the above acts knowing and intending that the effect would be to mislead the IRS and to conceal his income. Defendant used shell entities, Davis Bell Consulting and James Roy Consulting, and nominees, Individuals 1, 2 and 3, knowing that the use of these entities and individuals would conceal and disguise his involvement and the income he earned.  Defendant used the money received from Law Firm A to pay for his own personal expenses.

Defendant continued to earn income for tax and estate planning consulting work from Law Firm A during each of calendar years 2008 to 2018, but willfully failed to report his income from Law Firm A, and willfully failed to file tax returns with the IRS for tax years 2011 to 2018.

Defendant admits that defendant received $150,000 of taxable income for 2012, $114,012 of taxable income for 2013, $75,514 of taxable income for 2014, $61,494 of taxable income for 2015, $61,028 of taxable income for 2016, and $65,896 of unreported income for 2017.  Accordingly, from 2012 through 2017, defendant received at least $527,944 in taxable income.

Defendant admits that he owes the following amounts of unpaid taxes in the following amounts for the following years: $1.4 million (2008 to 2012), $45,725 (2012), $42,873 (2013), $27,762 (2014), $22,078 (2015), $21,880 (2016) and $23,808 (2017).  Accordingly, for 2012 through 2017, including 2008 to 2012, defendant owes at least $1,584,126 in unpaid taxes.

## SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: [$1,584,126 tax loss] | 22 | [U.S.S.G. §§ 2T1.1, 2T4.1(I)] |
| Specific Offense Characteristics | | |
| Sophisticated means | 2 | [U.S.S.G. §2T1.1(b)(2)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

10

1              a.   The right to persist in a plea of not guilty.
2              b.   The right to a speedy and public trial by jury.
3              c.   The right to be represented by counsel -- and if
4  necessary have the court appoint counsel -- at trial.  Defendant
5  understands, however, that, defendant retains the right to be
6  represented by counsel -- and if necessary have the court appoint
7  counsel -- at every other stage of the proceeding.
8              d.   The right to be presumed innocent and to have the
9  burden of proof placed on the government to prove defendant guilty
10 beyond a reasonable doubt.
11             e.   The right to confront and cross-examine witnesses
12 against defendant.
13             f.   The right to testify and to present evidence in
14 opposition to the charges, including the right to compel the
15 attendance of witnesses to testify.
16             g.   The right not to be compelled to testify, and, if
17 defendant chose not to testify or present evidence, to have that
18 choice not be used against defendant.
19             h.   Any and all rights to pursue any affirmative defenses,
20 Fourth Amendment or Fifth Amendment claims, and other pretrial
21 motions that have been filed or could be filed.

                    WAIVER OF APPEAL OF CONVICTION

23    17.  Defendant understands that, with the exception of an appeal
24 based on a claim that defendant's guilty plea was involuntary, by
25 pleading guilty defendant is waiving and giving up any right to
26 appeal defendant's conviction on the offense to which defendant is
27 pleading guilty.  Defendant understands that this waiver includes,
28 but is not limited to, arguments that the statute to which defendant

is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 60 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1.6 million; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 60 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $1.6 million.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*Ruth C. Pinkel /LGD*                                  10/16/2019
RUTH C. PINKEL                                         Date
Assistant United States Attorney

*[signature]*                                          10/15/2019
JAMES R. MCDANIEL                                      Date
Defendant

*[signature]*                                          10/15/19
SEEMA AHMAD                                            Date
Attorney for Defendant JAMES R.
MCDANIEL

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  10/15/2019
JAMES R. MCDANIEL                Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am James R. McDaniel's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  10/15/19
SEEMA AHMAD                      Date
Attorney for Defendant JAMES R. MCDANIEL