NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-839-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: February 3, 2020 |
| JAMES R. MCDANIEL, | Hearing Time: 9 a.m.<br>Location:    Courtroom of the<br>             Hon. S. James Otero |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ruth C. Pinkel, hereby files its sentencing position.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the

//

//

United States Probation Office's presentence report and such further evidence and argument as the Court may permit.

Dated: January 21, 2020　　　　　　Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


　　　　　　/s/
RUTH C. PINKEL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The United States Probation Office ("USPO") issued its Presentence for Report ("PSR") for defendant James R. McDaniel ("defendant") on December 27, 2019.  In the PSR, the Probation Officer calculated a base offense level of 22, a two-level increase for sophisticated means, for an adjusted offense level of 24, and determined that defendant falls within Criminal History Category IV.  Based on a total offense level of 21, after acceptance of responsibility, and a Criminal History category of IV, and defendant's plea to one charge of 26 U.S.C. § 7201, which has a 60 month statutory maximum, the Probation Officer determined that the applicable Guidelines range is 57-60 months' incarceration.  (PSR ¶ 87.)  The Probation officer also correctly notes that the Court may impose a three-year period of supervised release and a special assessment of $100.  (PSR ¶¶ 89, 94.)  The Probation Officer's sentencing recommendation is confidential.

The government concurs in part with the PSR.  Specifically, the government concurs in the guidelines calculations for defendant, his Criminal History Category, and the sentencing range of 57-60 months' incarceration.  The government's only disagreement with the Probation Officer is on the issue of restitution.[1]  The Probation Officer incorrectly asserts that restitution is not applicable because defendant pled guilty to a Title 26 offense (PSR ¶¶ 19, 97); however, this is simply incorrect.  The parties agreed to both restitution and

---

[1] In what is most likely a typographical error, the PSR states that defendant worked until July 2019 and retired in 2019. (PSR ¶¶ 76-77.)  The correct year is 2018 because defendant has been in custody continuously since December 2018.

a restitution order and the Court has the authority to order restitution and make its payment a condition of supervised release. The Court should order defendant to pay the restitution-- the amount of tax due for the offense of conviction and relevant conduct-- as a condition of supervised release pursuant to 18 U.S.C. §§ 3663(a)(3) and 3583(d), respectively.

The plea agreement also requires defendant to sign "Closing Agreements" with the IRS prior to sentencing allowing for correct reporting of defendant's income. (PSR ¶¶ 3a and f.) Defendant has not yet complied with this requirement despite Closing Agreements having been provided to his counsel in early November 2019. The government will request a continuance of the sentencing if it does not receive executed Closing Agreements before the sentencing.

As a tax professional, former member of the California State Bar, and recidivist tax offender, defendant's conduct here was deliberate and devious. He deserves a significant sentence. Defendant should receive a sentence of 60 months' imprisonment, three years supervised release, a $100 special assessment and restitution of $1,584,126 pursuant to 18 U.S.C. § 3663(a)(3). Additionally, the Court should order defendant to pay the restitution as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

**II. STATEMENT OF FACTS**

Following his prior federal and state convictions stemming from his theft of over $1.6 million from clients he represented as a lawyer, defendant was extremely fortunate and able to get a job as a tax and estate planning consultant at a law firm making as much as $150,000 a year. (PSR ¶¶ 9-17.) Despite his fortuitous second chance for a lucrative career, rather than properly report his income and

pay taxes, defendant set up a complex web of limited liability corporations and straw bank accounts to conceal his connection to the tax consulting income. As if defendant's conduct was not bad enough, for years he used his unwitting girlfriend and young adult children as nominees. (PSR ¶¶ 14-16.)

Pursuant to a plea agreement, defendant pled guilty to Count Two of the Indictment which charged him with tax evasion for the 2012 tax year in violation of 26 U.S.C. § 7201. (PSR ¶¶ 1-2.) As noted by the Probation Officer, because § 7201 has a five-year statutory maximum, this plea deal effectively lowers defendant's Sentencing Guidelines by 11 months—from a range of 57-71 months, to a range of 57-60 months. (PSR ¶ 87.)

The total tax loss in this case, including for the taxes, penalties and interest assessed prior to 2012 ($1.4 million relating to defendant's 2005 tax conviction in this Court), is approximately $1,584,126. (Plea Agreement ¶ 11.) The parties agreed that defendant will pay approximately $1,584,126 in restitution, not including any civil fraud penalties and interest assessed by the IRS. (Id. ¶¶ 3d, 3f, 7, 11, 18-19.)

**III. THE PRESENTENCE REPORT**

In the PSR, the Probation Officer calculated a total offense of 21, after acceptance of responsibility, and a Criminal History category of IV. The Probation Officer's offense level calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level:<br>  [Tax loss over $1.5 million] | 22 | [U.S.S.G. §§ 2T1.4 and § 2T4.1(I)] |
| Specific Offense Characteristics<br>  [Sophisticated Means] | +2 | [[U.S.S.G. § 2T1.1(b)(2)] |

3

```
Acceptance of Responsibility    -3 [U.S.S.G. § 3E1.1(a)]

Total Offense Level:            21
```

(PSR ¶¶ 25-38.)

The government concurs that defendant falls within Criminal History category IV. Accordingly, based on a total offense level of 21, after acceptance of responsibility, and a Criminal History category of IV, the applicable Sentencing Guidelines range would normally be 57 to 71 months' imprisonment. However, defendant's plea to one charge of 26 U.S.C. § 7201, which has a 60 month statutory maximum, results in a more generous Guidelines range of 57-60 months' incarceration. (PSR ¶ 87; U.S.S.G. § 5G1.1(c)(1).)

**IV. RESTITUTION SHOULD BE ORDERED CONSISTENT WITH THE PLEA AGREEMENT AND AS A CONDITION OF SUPERVISED RELEASE**

Consistent with the plea agreement in this case, defendant should be ordered to pay restitution of $1,584,126. (See Plea Agreement ¶¶ 3d, 3f, 7, 11 (at p. 9), 18, 19.) This amount consists of $1.4 million previously assessed as a result of defendant's prior tax conviction in United States v. James McDaniel, CR 04-01670-SJO, and the additional $184,126 in additional taxes due for the 2012 to 2017 tax years.

While the probation officer asserts that restitution is not applicable because "this . . . is a Title 26 offense", this is simply not true. (PSR ¶¶ 19, 97.) The plea agreement clearly provides for restitution in the form of back payments of tax assessments and taxes and 18 U.S.C. § 3663(a)(3) gives the court authority to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

4

In addition to an order of restitution, the Court should order defendant to pay the restitution-- the amount of tax due for the offense of conviction and relevant conduct-- as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

**V. ANALYSIS OF THE SECTION 3553(A) FACTORS**

The government submits that the applicable Guidelines sentencing range in this case is 57-60 months. While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must then be considered with the factors set forth in 18 U.S.C. § 3553(a). See United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006). "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006)).

The Section 3553(a) factors are as follows:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;

2) The need for the sentence imposed –

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

5

> (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> 3) The kinds of sentences available;
>
> 4) The kinds of sentence and the sentencing range established for the offense and the defendant as set forth in the Sentencing Guidelines;
>
> 5) Any pertinent policy statement issued by the Sentencing Commission;
>
> 6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> 7) The need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a). The government believes that the factors set forth in 18 U.S.C. § 3553(a) would be satisfied by a 60-month sentence and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2), discussed further below. 18 U.S.C. § 3553(a)

**A.   A 60-MONTH SENTENCE IS REASONABLE GIVEN THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF DEFENDANT**

18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant. These factors warrant a Guidelines range sentence of 60 months' imprisonment in this case.

With respect to the nature and circumstances of the offense here, the facts demonstrate defendant participated in a sophisticated, deceitful tax evasion scheme and used his girlfriend and children as pawns to accomplish his crime. Such conduct, which was not his first federal tax crime, warrants a lengthy custodial sentence.

6

With respect to the history and characteristics of defendant, his repeated violations of criminal law over the past 20 years, including this conduct which took place over a decade, warrant a considerable sentence. Unlike most defendants who appear before this Court, defendant achieved considerable financial and professional success <u>and</u> obtained an incredible second chance following his first crime spree. Defendant is well-educated having obtained bachelors, masters, and law degrees. (PSR ¶¶ 70-72.) He represented wealthy clients who entrusted him to handle their estate planning needs and serve as trustee of family trusts and as general partner in a partnership. (PSR ¶¶ 10, 11, 42, 43.) Although he later lost his bar license and went to both federal and state prison for several years for crimes relating to those clients, defendant was nonetheless extremely fortunate and, post-conviction, able to get a job as a tax and estate planning consultant at a law firm making as much as $150,000 a year. (PSR ¶¶ 9-17.) However, rather than properly report his income and pay taxes, defendant set up a complex web of straw corporations and bank accounts while taking advantage of his girlfriend and family to conceal his income. For these reasons, his history and characteristics warrant the statutory maximum 60 month sentence, which was the result of a generous plea offer which effectively cut 11 months from the Guidelines range.

**B. A 60-MONTH SENTENCE IS REASONABLE BECAUSE IT REFLECTS THE SERIOUSNESS OF THE OFFENSE AND SATISFIES THE GOALS OF 18 U.S.C. § 3553(A)(2)**

In accordance with 18 U.S.C. § 3553(a)(2), the Court is to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct,

7

to protect the public from further crimes of defendant, and to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  For the reasons previously stated, and because defendant is a well-educated tax professional who used his considerable skills to cheat the system again and again, the government respectfully submits that a 60-month sentence (1) will appropriately reflect the seriousness of the offense and promote respect for the law; (2) will deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) will serve to protect the community.

### C. A 60-MONTH SENTENCE IS REASONABLE BECAUSE IT DOES NOT CREATE UNWARRANTED SENTENCING DISPARITIES

Pursuant to 18 U.S.C. § 3553(a)(6), the Court is required to minimize sentencing disparity among similarly-situated defendants.  One way of doing so is to correctly calculate the Guidelines range.  See United States v. Treadwell, 990 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54, 128 S. Ct. 586, 599 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges.  Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").  Here, the Probation Officer has correctly calculated the Guidelines

8

range, and the government's recommended sentence is near the low-end of that range. Accordingly, a 60-month sentence is appropriate.

### D. THE REMAINING SECTION 3553(A) FACTORS ALSO SUPPORT THE SENTENCE REQUESTED BY THE GOVERNMENT

Section 3553(a)(3) requires the Court to consider the kinds of sentences available. Given the nature of defendant's offense as a well-educated tax professional, any sentence that does not involve some significant period in custody would not be appropriate here. In addition, defendant's crimes fall within Zone D of the Sentencing Table, and non-custodial sentences are discouraged for such offenses. (See U.S.S.G. § 5C1.1(f); Application Note 2 to U.S.S.G. § 5B1.1; PSR ¶ 92.) Furthermore, the public interest in satisfying the other Section 3553(a) factors of obtaining a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant outweighs any interest in having defendant avoid time in custody.

Sections 3553(a)(4) and (5) require the Court to treat the Guidelines as merely "advisory" but to take them into consideration nonetheless, as the government has done herein and as the Probation Officer did in the PSR. Finally, under 18 U.S.C. § 3553(a)(7), the Court is required to consider the need to provide restitution to the victims of the offense. Here, given his retirement prior to his indictment in this case (PSR ¶ 76-77; n 1, supra), it is unlikely that defendant will be able to pay an appreciable amount of restitution. Thus, the public interest in satisfying the other 3553(a) factors of obtaining a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just

punishment, affords adequate deterrence, and protects the public from further crimes of defendant outweighs any interest in having defendant escape incarceration to earn funds for restitution.

**VI. CONCLUSION**

For the above reasons, 60 months' imprisonment, three years supervised release, a $100 special assessment and restitution of $1,584,126 pursuant to 18 U.S.C. § 3663(a)(3) is a sufficient, but not greater than necessary, sentence in this case.  Additionally, the Court should order defendant to pay the restitution as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

**CERTIFICATE OF SERVICE**

I, **Susana Ybarra**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**GOVERNMENT'S SENTENCING POSITION**

☒ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

**Yoel Hanohov**
**U.S. Probation Ofice**
**600 U.S. Courthouse**
**312 N. Spring Street**
**Los Angeles, CA 90012 - 4708**

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ Electronic Mail as follows:

☐ By Federal Express, as follows:

at the last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on January 21, 2020 Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Susana Ybarra*
Susana Ybarra
Legal Assistant